IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUNER JETZAEL GARCIA DE LA CRUZ | : | CIVIL ACTION |
| | : | |
| | : | No. 26-2442 |
| v. | : | |
| | : | |
| MARKWAYNE MULLIN, *Secretary of the U.S. Department of Homeland Security, In his official capacity*, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                      **April 17, 2026**

Petitioner Auner Jetzael Garcia De La Cruz brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). He argues his mandatory detention without a bond hearing is illegal. Because 8 U.S.C. § 1225(b)(2) does not apply to noncitizens like Mr. Garcia De La Cruz who entered the United States years ago and was later arrested in the interior, the Court will grant his petition.

**BACKGROUND**

Mr. Garcia De La Cruz is a noncitizen who entered the United States without inspection in 2016. Pet. 4, Dkt. No. 1. The Government represents that, after he entered, he was encountered by U.S. Border Patrol near Hidalgo, TX.  Gov't Opp'n 3, Dkt. No. 4. He was then "processed" with a Notice to Appear (NTA), charged with a violation of immigration laws, and subsequently "released from custody pending a hearing with an immigration judge." *Id.* According to the Government, a hearing date "was never assigned" because the NTA was never served on the immigration court. *Id.* On April 13, 2026, Mr. Garcia De La Cruz was arrested during a car stop in Philadelphia and detained by ICE pursuant to § 1225(b)(2)(A). *Id.*

**DISCUSSION**

This case turns on a statutory question this Court and many others in this district have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this district have rejected its interpretation, though it continues to press that position here. Gov't Opp'n 5.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Every judge in this district to address the issue has reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Mr. Garcia De La Cruz allegedly entered the United States in 2016 and was arrested nearly ten years later during a car stop in Philadelphia. On those facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Petitioner's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, J.

2